# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CADLEROCK JOINT VENTURES,
L.P.,

    Appellant,

v.                                                              Case No: 8:16-cv-2046-T-30

CHRISTINE HERENDEEN and
THOMAS A. LASH,

    Appellees.
_____

## ORDER

THIS CAUSE comes before the Court upon Appellant's appeal of four Orders entered by the Bankruptcy Court. This Court previously consolidated the appeals proceeding under case numbers 8:16-cv-2908-MSS, 8:16-cv-2909-SCB, and 8:16-cv-2910-SCB into the above-referenced case number. On March 16, 2017, the Court heard oral argument on the appeals. Upon review, the Court affirms the Bankruptcy Court in part and reverses and remands in part.

The Court has jurisdiction over the appeals under 28 U.S.C. § 158(a).

## STANDARD OF REVIEW

In functioning as an appellate court, the Court reviews *de novo* the legal conclusions of a bankruptcy court but must accept a bankruptcy court's factual findings unless they are clearly erroneous. *See In re JLJ Inc.,* 988 F.2d 1112, 1116 (11th Cir. 1993). "A finding [of fact] is 'clearly erroneous' when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). In addition, the Court may not make independent factual findings. *See In re JLJ Inc.,* 988 F.2d at 1116; *In re Englander,* 95 F.3d 1028, 1030 (11th Cir. 1996). Accordingly, "[i]f the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings." *In re JLJ Ind.,* 988 F.2d at 1116.

## **INTRODUCTION**

The procedural history of this individual case is extensive and adequately summarized in the parties' briefs. The essential issue here is whether the Bankruptcy Court should have sanctioned the Bankruptcy Trustee and Special Counsel based on their common practice and conduct of filing meritless cases. Special Counsel has a paralegal attend § 341 Meetings of Creditors in order to solicit potential violations of consumer protection acts against creditors. That common practice gave rise to the filing of this meritless case against Appellant Cadlerock Joint Ventures, L.P.

The Court concludes that the Bankruptcy Court committed error when it granted summary judgment in Appellees' favor prior to permitting limited discovery regarding Appellees' conduct in similar cases. Statistical evidence regarding Appellees' similar filings was presented to this Court, which the Bankruptcy Court did not have the opportunity to review. Accordingly, the Court reverses and remands on this narrow and

limited issue so that the Bankruptcy Court can consider this statistical evidence, determine if additional discovery is necessary, and, in light of this evidence and any additional discovery, make supplemental findings of fact on the issue of whether sanctions are appropriate in this case. The Court otherwise affirms.[1]

## **DISCUSSION**

11 U.S.C. § 105(a) permits a bankruptcy court to issue any "order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." A bankruptcy court may, *sua sponte*, take "any action" or make "any determination necessary or appropriate to enforce or implement court orders or rules, *or to prevent an abuse of process.*" 11 U.S.C. § 105(a) (emphasis added). Under § 105(a), a bankruptcy court may consider whether it is appropriate to remove the bankruptcy trustee to prevent further abuse of the bankruptcy process. *See In re Morgan*, 573 F.3d 615, 626 (8th Cir. 2009) (noting that "section 105(a) expressly provides bankruptcy courts with authority to take sua sponte action to remove private trustees, and it places no requirement of actual harm to the estate or its creditors when doing so.").

As Appellant stated during oral argument, this appeal turns on the Bankruptcy Court's decision to limit the sanctions proceeding to the facts of this case alone. By limiting its review to this singular case, the Bankruptcy Court concluded that there was

---

[1] Specifically, the Bankruptcy Court is affirmed to the extent that he acted within his discretion when he denied Cadlerock's motion to recuse. He is also affirmed to the extent that he acted within his discretion when he limited any party from posting video recordings on the internet or sharing them with third parties and ordered that if any party wished to use a deposition video or transcript it could seek permission from the Bankruptcy Court to do so.

3

not "a whiff of an abuse of process . . ." The Bankruptcy Court focused on the fact that the adversary proceeding complaint was dismissed within the safe harbor time period and concluded that any erroneous allegations contained in the complaint were therefore harmless.

In narrowly limiting its review, the Bankruptcy Court was unable to consider certain statistical evidence that was presented to this Court during the pendency of this appeal about the Trustee's and Special Counsel's pattern and practice of filing similar meritless lawsuits. *See* Dkts. 25, 27, 29, 31, 34-36. This evidence goes to the heart of the sanctions issue—that is, whether it is an abuse of process under § 105(a) for a bankruptcy trustee to invite a law firm's paralegal to solicit claims at the 341 hearing, and then permit the filing of adversary proceedings without any further inquiry into the claims' merits.

If the Bankruptcy Court had permitted discovery on this statistical evidence, it may have had a different perspective and may have reached a different conclusion about the appropriateness of sanctions. The evidence, if true, raises grave concerns about the Trustee's conduct in this case and prior cases. In a larger sense, this evidence raises a concern about an abuse of the overall bankruptcy process.

The evidence suggests that Appellees have made a habit of routinely filing thousands of lawsuits against creditors with little investigation of the facts and alleging identical boilerplate language. The boilerplate complaints are supported by only the Trustee's leading line of questioning at a debtor's 341 hearing. Creditors are forced to

settle or spend attorney's fees to defend these meritless lawsuits, or are left with no option but to execute a joint stipulation of dismissal with prejudice, thereby waiving any subsequent claim for sanctions or attorney's fees to compensate them. The statistical evidence suggests that more than 1/3 of all cases filed (864 out of 2,494) were voluntarily dismissed with no recovery for the bankruptcy estate.

In denying sanctions under 11 U.S.C. § 105(a), the Bankruptcy Court noted in its Order on Special Counsel's Amended Motion for Summary Judgment (Dkt. 2-2) that if it "believed that the Trustee and Special Counsel had engaged in any wrongdoing, that the public was endangered by their conduct, or that there was any mockery of the Court's processes," it would impose sanctions. But it would be impossible to conclude whether the public, or creditors, were negatively impacted by the Trustee's and Special Counsel's conduct because the Bankruptcy Court limited the record to the facts of this case and then granted summary judgment in Appellees' favor. Restricting discovery in this manner was error because Appellees' conduct in similar cases is highly relevant to determine whether an abuse or "mockery" of the bankruptcy process occurred and whether it will continue to occur.

In sum, the Bankruptcy Court should have permitted limited discovery outside the confines of the adversary proceeding prior to granting summary judgment in Appellees' favor. However, the Court reverses the Bankruptcy Court only to the extent that the Court requests additional findings of fact from the Bankruptcy Court on the sanctions

issue in light of the statistical evidence that was presented to this Court during the appeal. The Bankruptcy Court, as the finder of fact, is the appropriate court to consider this evidence. Of course, the Bankruptcy Court may also permit additional discovery beyond this statistical evidence. After considering the statistical evidence and any additional evidence that the Bankruptcy Court deems relevant, it shall issue additional findings of fact on whether summary judgment remains appropriate. If the Bankruptcy Court concludes that sanctions are warranted, it should also consider whether removal of the Trustee from this case and all other cases assigned to her is appropriate for allowing the filing of cases without sufficient investigation of merit.

Finally, the Court is compelled to comment further on the issue of whether Appellees' conduct constitutes inappropriate solicitation. As the Court previously noted, it has serious concerns about the Trustee's conduct of having a paralegal from Special Counsel's office attend the 341 hearing to essentially "drum up" business, especially when the Trustee has a financial interest in monies recovered (up to 25%), but has nothing to lose if the suit is frivolous.[2] *See* 11 U.S.C. § 326. The Court understands that the solicitation issue is skirted because the Trustee, not the debtor, owns all assets (not claimed as exempt), including all causes of action previously owned by the debtor. Because the Trustee has invited the lawyer—or his paralegal—to attend, the questions posed by the lawyer to ferret out a claim are not technically a "solicitation." But, taking

---

[2] It would be interesting to compare the "benefits" realized by the bankruptcy estates, the trustees, and the lawyers from this highly questionable practice.

this reasoning further, the Trustee could invite a whole panel of lawyers to attend the 341 hearing. These lawyers, sitting like birds of prey, could pose questions about: potential car accident claims; recent medical treatment or surgeries; recent injuries; overtime claims; or about whether the debtor had received improper legal advice. At some point, while perhaps successfully avoiding the "solicitation" issue, such conduct would constitute an abuse of the bankruptcy process.

Regardless of the technicalities, if one out of every three or four cases filed are meritless, something is wrong with the process. On remand, the Bankruptcy Court should consider whether allowing this process to continue without correction is abuse.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Bankruptcy Court's Orders are affirmed in part and reversed and remanded in part as explained herein.

2. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 26, 2017.

                                              */s/ James S. Moody, Jr.*
                                              JAMES S. MOODY, JR.
                                              UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record
Clerk of Bankruptcy Court